IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CASE NO. | 7:20-CV-177 |
| § | | |
| 7.646 ACRES OF LAND, MORE OR § | | |
| LESS, SITUATE IN STARR COUNTY, § | | |
| STATE OF TEXAS; AND STEVEN J. § | | |
| KOBERNAT, ET AL., § | | |
| § | | |
| *Defendants.* § | | |

I, LOREN FLOSSMAN, hereby declare as follows:

1.     I am employed as the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security.  I make this declaration based on my personal knowledge of the matters recited, or based upon information available to me from personnel and files maintained by my agency in this matter.

2.     The United States has a vital national security interest in controlling its international borders.  As part of the ongoing effort to gain operational control of the border and reduce illegal entry, Congress has ordered the construction of physical barriers, roads, lighting, cameras, sensors, and related infrastructure along the border between the United States and Mexico. Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Public Law 104-208, Div. C, 110 Stat. 3009-546, 3009-554 (Sept. 30, 1996) (2000), codified as amended by the REALID Act of 2005, Public Law 109-13, Div. B, 119 Stat. 231, 302, 306 (May 11, 2005), the Secure Fence Act of 2006, Public Law 109-367, § 3, 120 Stat. 2638 (Oct. 26, 2006), and the 2008

GOVERNMENT
EXHIBIT
1

Consolidated Appropriations Act, Public Law 110-161, Div. E, Title V, § 564 (Dec. 26, 2007), at 8 U.S.C. § 1103 and note. Pursuant to the foregoing construction authority, the Secretary of Homeland Security has identified locations where such infrastructure would be most practical and effective in securing the United States' border with Mexico and deterring smuggling and illegal entry.

3. The Act of Congress approved February 15, 2019, as Public Law 116-6, div. A, tit. II, Section 230, 133 Stat. 13 ("Consolidated Appropriations Act of 2019") appropriated the funds that shall be used for this taking.

4. The subject land in this taking lies in close proximity to the border between the United States and Mexico.

5. Pursuant to its delegated authority, U.S. Customs and Border Protection, Department of Homeland Security has determined that the subject land is an appropriate location for infrastructure, access roads, and/or staging and work areas needed for construction of physical barriers and/or related infrastructure to secure the United States' Southwest border and deter smuggling and illegal entry from Mexico. The subject land is located in an area that my agency has designated as "RGV-06" for purposes of the foregoing construction activities.

6. The United States requires prompt possession of the subject land so that it can begin the foregoing construction activities.

7. The United States has awarded task orders and issued notices to proceed with material acquisition, fabrication, construction, and all other activities related to RGV-06 barrier construction in an area that includes the subject land. The construction contract W9126G19D0033 for RGV-06 was awarded on August 7, 2019. Construction related activities in this project area are scheduled to start on July 20, 2020; construction-related activities in specific segments in RGV-

06 will start after the government obtains possession of the necessary real estate interest in the subject land.

8. The United States has fully met its obligation to negotiate with the landowner(s) in good faith, but has been unable to come to an agreement with the landowner(s) regarding this matter.

9. The United States will incur significant monetary damages arising from delayed start of construction if possession of the subject land is not obtained promptly. Delayed possession of the subject land along with other tracts within RGV-06 could result in contract suspension costs, including de-mobilization and re-mobilization costs, standby costs for equipment and crews, and extended general conditions costs. These costs are estimated at $24,445 per day if possession of the real estate needed for RGV-06 construction, including the subject land, is not obtained on or before August 7, 2020.

10. Continued delays in possession could result in contract termination and subsequent re-procurement, a process that could take more than a year and cost upwards of $8,840,400.

11. The national security interests of the United States will be harmed if possession of the subject land in RGV-06 is not obtained promptly. The subject land is an area frequently exploited by multiple Transnational Criminal Organizations (TCO's) due to the close proximity of the Rio Grande River (approximately 0.5 miles) and the municipality of Gustavo Diaz Ordaz, Mexico. Gustavo Diaz Ordaz lies approximately 1 mile south of the International Boundary and provides TCO's the infrastructure needed to harbor and conceal their illegal commodities until such time as it is most advantageous for them to attempt to smuggle across the border. The subject land is primarily used for agriculture, which provides cover and concealment based on the crop cycle. There is dense foliage to the south of the subject land which conceals entry; the subject land

also abuts or is otherwise in close proximity to a wildlife refuge to the west; and the subject land is surrounded by foliage to the north and northeast which continues approximately two miles north until reaching Expressway 83.  TCO's combine these terrain features to their advantage to avoid detection and prefer to retrieve their illegal commodities near Expressway 83 where they can avoid further detection and allow for fast vanishing into the local traffic and populace in the United States.  Starr County represents the number one county for narcotics seizures across the entire Southwest border of the United States.  The terrain features and volume of smuggled commodity being exploited by TCO's significantly increases the risk to the surrounding landowners, U.S. Border Patrol, and assisting law enforcement agencies. There is also a risk to the illegal aliens and the general population in this area during smuggling attempts.  The planned border barrier project in RGV-06 will provide much needed impedance and denial for the subject land and the surrounding area, and will impose additional limitations to the ingress and egress routes available to TCO's along this section of the Southwest border.

      Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this __13__ day of ____July____, 2020, in Washington, D.C.

Loren Flossman
Digitally signed by Loren Flossman
Date: 2020.07.13 12:30:10 -04'00'

LOREN FLOSSMAN
Acquisition Program Manager
Wall Program Management Office
U.S. Border Patrol Program Management Office Directorate
U.S. Border Patrol
U.S. Customs and Border Protection
Department of Homeland Security