UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| VS. | § CIVIL ACTION NO. 7:20-CV-00177 |
| | § |
| 7.646 ACRES OF LAND, MORE OF LESS, *et al.*, | § |
| | § |
| Defendants. | § |

# **FINAL JUDGMENT**

Now before the Court is the Stipulation for Revestment and Motion for Final Judgment (Dkt. No 34) entered by Plaintiff, the United States of America ("United States"), and Defendants, Steven J. Kobernat, Gregory G. Kobernat, Corydon J. Kobernat, Ann-Marie Littlefield, and Wesley Vanderpool or successor lessee (tenant farmer), in the above-styled condemnation action.

The unresolved tract in this case is a 7.646-acre tract of land identified as RGV-RGC-9046 (hereinafter "Subject Property"), more or less, being out of a calculated 1,634.800 acres of land located in Starr County, Texas, as more particularly described in the Complaint and Declaration of Taking and more specifically described in Schedules "C," "D," and "E," of said Declaration of Taking. (Dkt. Nos. 1, 2).

Pursuant to 40 U.S.C. § 3117, the United States may agree or stipulate to the revestment of condemned property to resolve condemnation cases.

On October 5, 2021, the Parties filed their Stipulation of Revestment (Dkt. No. 34), whereby the United States and Defendants jointly stipulated and agreed that all right, title, and interest acquired by the United States associated with or appurtenant to the Subject Property have been **REVESTED** in Defendants as they existed immediately before the time of the filing of the

Declaration of Taking and title vesting in the United States. Defendant further accepted such **REVESTMENT** of the Subject Property.

Accordingly, pursuant to the Stipulation entered by the United States and Defendants, it is hereby **ORDERED** and **ADJUDGED** that that all rights condemned or conveyed to the United States in the Subject Property, as described in the Declaration of Taking, have been **REVESTED** back to Defendants Steven J. Kobernat, Gregory G. Kobernat, Corydon J. Kobernat, Ann-Marie Littlefield, and Wesley Vanderpool or successor lessee (tenant farmer).

It is further **ORDERED** and **ADJUDGED** that:

A. The full and just compensation payable by the United States for the time that it had possession as to the Subject Property shall be the sum of seven hundred thirty-seven and 62/100 dollars ($737.62). This sum is in full satisfaction of any claims of whatsoever nature by Defendants against the United States for the institution and prosecution of the above-captioned action. Defendants further agree to waive any and all claims for additional compensation of any nature against the United States arising from the United States' acquisition of the Subject Property.

B. Judgment shall be and is hereby entered against the United States in the amount of seven hundred thirty-seven and 62/100 dollars ($737.62), along with any accrued interest, for the time that United States had possession as to the Subject Property.

C. The United States' estimate of just compensation remains on deposit in the Court's Registry and the Court now **ORDERS** the Clerk of Court to **DISBURSE** the following sums, along with any accrued interest earned thereon while on deposit, payable as follows:

- The sum of $737.62, with any accrued interest earned thereon while on deposit, payable to "Steven J. Kobernat."

- The remaining sum of $68,569.38, with any accrued interest, payable to "F&A Officer, USAED, Fort Worth," with the check referencing "Tract No. RGV-RGC-9046."

D. Defendants warrant that (a) they are the owners of the interest in the property taken in this proceeding on the respective dates of taking, (b) that they have the exclusive right to the compensation set forth herein, excepting the interests of parties having liens, encumbrances of record, and unpaid taxes and assessments, if any, and (c) no other party is entitled to the same or any part thereof by reason of any unrecorded agreement.

E. In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interests in the properties taken in this proceeding, Defendants shall refund into the Registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon at an annual rate provided in 40 U.S.C. § 3116 from the date of receipt of the respective deposit by Defendants, to the date of repayment into the Registry of the Court.

F. The Parties shall be responsible for their own legal fees, costs, and expenses, including attorneys' fees, consultants' fees, and any other expenses or costs.

G. The Parties shall take no appeal from any rulings or judgment made by the Court in this action, and the parties' consent to the entry of all motions, orders, and judgments necessary to make this stipulated judgment.

H. This order is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendants.

The United States is further **ORDERED** to record this Final Judgment and the Stipulation of Revestment with the Official Records of Starr County, Texas so as to provide notice with county deed records.

This case is terminated, and the Clerk of the Court is instructed to close the case.

SO ORDERED October 6, 2021, at McAllen, Texas.

*Randy Crane*
Randy Crane
United States District Judge